[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Christian Hoerle has appealed a decision of the defendant, Planning and Zoning Commission of the Town of New Hartford, approving a subdivision application filed by Mark Cyr who has been joined as a defendant by motion.
On September 13, 1989, the Commission assigned for a public hearing on October 11, 1989 the Cyr application for a three lot subdivision known as "Wyndemere Subdivision" located at the end of Maillet Lane in New Hartford.
At the hearing a petition signed by twenty eight residents of Maillet Lane was submitted in support of the Wyndemere subdivision. It state's:
"We, the undersigned residents of Maillet Lane hereby express our support for the proposed three-lot subdivision plan known as "Wyndemere" as shown on the revised Plans and drawings dated September 5, 1989; and as an integral part of the plan, request that the Town agree to apply for an extension of Maillet Lane for the purpose of constructing a permanent cul-de-sac turnaround. We feel the extension and permanent turnaround is critical for our health and safety, and the health and safety of our children. We urge the Board of Selectmen to agree to apply for the extension of the road, and the respective Commissions to approve the revised plan as submitted."
In addition, the Commission had before It approvals by the Farmington Valley Health District for septic systems as well as a consulting engineer for the road layout. Following the public hearing the Commission voted unanimously to approve the subdivision application subject to two conditions not relevant to this appeal. This decision was published in the CT Page 643 Register Citizen on November 16, 1989 and thereafter, this appeal followed. The plaintiff owns land abutting the northerly boundary of the applicant's property and is therefore aggrieved. Conn. Gen. Stat. 8-8 (a).
In his appeal, the plaintiff makes three claims: the approval was arbitrary, illegal and in abuse of discretion; the Commission violated section 8-21 of the general statutes by allowing a, Commission member to represent the applicant; and the approval was in violation of a member of subdivision regulations.
To determine the issues on this appeal, the court need only to consider the second claim. Section 8-21 of the general statutes provides in pertinent part that "no member of any planning commission . . . shall appear for or represent any person . . . in any matter pending before the planning or zoning commission" and ". . . No member of any planning commission shall participate in the hearing or decision of the commission of which he is a member upon any matter in which he is directly or indirectly interested in a personal or financial sense." At the time of the application Todd Kenner, an attorney at law was a regular member of the defendant Commission. While he withdrew from participating in the decision, he at all times represented Mr. Cyr and was clearly at all times "directly interested in a personal or financial sense." "In the construction of the statutes, words and phrases shall be construed in the commonly approved usage of the language." Conn. Gen. Stat. 1-1a. To ignore the clear language prohibiting representation would be a violation of a clear legislative directive. See RK Development Corporation v. Norwalk, 156 Conn. 369, 372 (appeal sustained where member of the common council appeared before planning commission and actively worked to defeat plaintiff's planned residential development — members conduct conflicted with his duty); Bossert Corporation v. Norwalk,157 Conn. 279, 282 (majority leader of city council in violation of statute when his law firm represented the opponent of an applicant for a zoning change). If any question exited, it was resolved in Cioffoletti v. Planning and Zoning Commission, 209 Conn. 544, at 557 wherein the supreme court stated, "8-11 prohibits any commission member from appearing for another party in any matter before the commission." Emphasis added.
The court finds that the representation by Attorney Kenner was a direct violation of section 8-21 and therefore the appeal must be sustained.
PICKETT, J.